**PICKER INTERNATIONAL, INC.,**
Plaintiff–Appellant,

v.

**VARIAN ASSOCIATES, INC.,**
Defendant–Appellee.

No. 88–1399.

United States Court of Appeals,
Federal Circuit.

March 7, 1989.
Suggestion for Rehearing In Banc
Declined June 9, 1989.

Kenneth R. Adamo, Jones, Day, Reavis & Pogue, Cleveland, Ohio, argued for plaintiff-appellant. With him on the brief was Robert C. Kahrl. Also on the brief were Randall L. Solomon and William W. Falsgraf, of Baker & Hostetler, Cleveland, Ohio.

Albert E. Fey, Fish & Neave, New York City, argued for defendant-appellee. With him on the brief were Jesse J. Jenner, Kevin J. Culligan and James T. Canfield.

Before NEWMAN, ARCHER and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

## DECISION

This is a consolidated appeal from orders disqualifying Jones, Day, Reavis & Pogue (Jones Day) as counsel for Picker International, Inc. (Picker) in two separate patent actions, one in the Northern District of Ohio, 670 F.Supp. 1363, and another in the District of Utah, against Varian Associates, Inc. (Varian). We affirm, holding that the district courts have not abused their discretion.

### Background

On February 1, 1987, the law firms of McDougall, Hersh & Scott (MH & S) and Jones Day merged. Prior to the merger, Jones Day had a long-standing attorney-client relationship with Picker, and MH & S with Varian. In particular, MH & S was representing Varian in *Genus v. Varian*, Civil Action No. C–86–20098–WAI, in the Northern District of California. Following the announcement of the proposed merger, Varian expressed concern to MH & S about the conflict of interest which would arise from the merger since lawyers from Jones Day were representing Picker in pending patent infringement litigation between

Picker and Varian in the Northern District of Ohio.[1]

In a pre-merger letter dated December 31, 1986, MH & S sought Varian's consent to a screening process which would allow the newly merged firm to continue to represent Picker in the litigation against Varian in Ohio and to keep Varian as a client in *Genus* and other matters. Varian rejected the proposed offer of simultaneous representation in a letter to MH & S dated January 9, 1987. In addition, on January 14, 1987, Varian filed a motion to disqualify Jones Day as Picker's counsel in the pending litigation between Picker and Varian in the district court in Ohio.

In response to Varian's refusal to consent to MH & S's proposal, on January 27, 1987, MH & S wrote Varian that it was compelled by the Model Code of Professional Responsibility "to cease ... representation of Varian in all matters as of January 31, 1987" including the ongoing *Genus* case. Varian responded on January 30, 1987, by pointing out that MH & S could not withdraw in the *Genus* case until MH & S had received leave of the district court pursuant to the Northern District of California's local rule (L.R.) 110–5. Varian requested MH & S to defer asking the district court for leave to withdraw until the Ohio district court ruled on the disqualification motion. In addition, Varian expressed its concern that it would be left without representation in the ongoing *Genus* action. To alleviate this problem, attorneys of the merged firm, formerly of MH & S, signed an agreement in their individual capacities, and not as members of the merged Jones Day, to continue representation of Varian. Varian then moved to disqualify Jones Day as Picker's attorneys in another patent infringement matter between Picker and Varian pending before the district court of Utah. Both district courts disqualified Jones Day and certified the following questions for appeal:

From the Northern District of Ohio:

In order to avoid a conflict of representation between two clients and comply with [Disciplinary Rule (DR)] 2–110 and DR 5–105, may a merging law firm (a firm consisting of two law firms which are about to merge) withdraw from representing one of those clients in all matters, even if the conflict between the clients exists as to only one matter?

From the District of Utah:

In light of Jones Day's pre-merger attempt to obtain Varian's consent to dual representation and McDougall's pre-merger attempt to terminate its representation of Varian, which it delayed pending a decision on whether Jones Day would be disqualified from representing Picker, is post-merger Jones Day disqualified under DR 5–105, or any other provision of the Code of Professional Responsibility, from further representation of Picker in this case?

## OPINION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1292(b) and (c) and 1295 (1982) over certified but otherwise unappealable, interlocutory orders entered in cases basing jurisdiction upon 28 U.S.C. § 1338 (1982). On February 16, 1988, this court granted Picker's petition for permission to appeal from the Ohio district court's disqualification order in Misc. Docket No. 196, provided that the Ohio court submitted a controlling question of law. This court received the question on May 18, 1988. On May 12, 1988, this court granted in Misc. Docket No. 202 Picker's petition for permission to appeal from the Utah district court's disqualification order and Varian's petition to consolidate the two appeals.

■ The Ohio and Utah district courts have answered the certified questions in this appeal using the provisions of the Model Code of Professional Responsibility. Questions dealing with the provisions of the Model Code of Professional Responsibility involve procedural matters which are not unique to patent cases. *Atasi Corp. v. Seagate Technology*, 847 F.2d 826, 829, 6 USPQ2d 1955, 1956 (Fed.Cir.1988). Accordingly, in considering whether district judges in the Sixth and Tenth Circuits in-

---

1. Varian was not represented by MH & S in either the Ohio or Utah case.

correctly answered the certified questions, we will use the law of the particular regional circuit courts where appeals from these two district courts would normally lie. *Id.* (disqualification order in a patent case in district court in California reviewed according to Ninth Circuit law).

The standard of review for findings of fact from the various district courts is the clearly erroneous standard. Fed.R.Civ.P. 52(a). *See Melamed v. ITT Continental Baking Co.,* 592 F.2d 290, 292 (6th Cir. 1979), *vacated on other grounds,* 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). *See Sawyer v. Swift & Co.,* 836 F.2d 1257, 1259 (10th Cir.1988) ("[T]he clearly erroneous standard applies to *all* cases where the trial court makes findings of fact."). (Emphasis added.)

For rulings on disqualification motions, the standard in the Sixth Circuit is abuse of discretion. *See D.H. Overmyer Co., Inc. v. Robson,* 750 F.2d 31, 34 (6th Cir.1984) (Bankruptcy court decided not to admit attorney *pro hac vice* because attorney had conflict of interest under DR 5–101(A)). "The judge's reasoning for his decision is supported by the record and in accordance with well-settled legal principles. Therefore, it simply cannot be deemed an abuse of discretion." *Id.* For rulings on disqualification motions in the Tenth Circuit, the standard is also abuse of discretion unless the question of disqualification is purely legal. *See Equal Employment Opportunity Commission v. Orson H. Gygi Co., Inc.,* 749 F.2d 620, 621 (10th Cir.1984).

The district court in Ohio found that Varian was a client of the newly merged firm; it therefore ruled, in accordance with the language and precept of DR 5–105, i.e., the duty of loyalty firms owe existing clients, that the new firm had to withdraw from the one case which produced the conflict, *Picker International, Inc. v. Varian Associates, Inc.,* 670 F.Supp. 1363 (N.D.Ohio 1987), rather than terminate its long-standing relationship with Varian and its representation of Varian in various matters.

The district court in Utah, adopting the report and recommendations of its magistrate, found that prohibited simultaneous representation occurred in *Picker International, Inc. v. Varian Associates, Inc.,* Civil Action No. 87C–496S, because MH & S's attempted withdrawal in *Genus v. Varian* was incomplete due to its failure to meet the requirements of the local withdrawal rule. Moreover, withdrawal by the merged firm from the case of its choice, *Genus v. Varian,* would not end the conflict of interest because Jones Day's failure to comply with DR 5–105 could not properly be rectified by Jones Day's discontinuing its representation of Varian as a client.

## I. DISCIPLINARY RULE 5–105.

Upon careful but not de novo review of both records and decisions, we conclude neither court abused its discretion in disqualifying Jones Day. Although the sanction of disqualification does not follow automatically from a violation of DR 5–105, i.e., no per se rule of disqualification, *see Bodily v. Intermountain Health Care Corp.,* 649 F.Supp. 468, 477 (D. Utah 1986), a court may disqualify firms if it finds a violation of DR 5–105 and concludes that the sanction of disqualification should apply because the particular facts in the case warrant such action.

DR 5–105(B) requires that a lawyer "not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, *or* if it would be *likely* to involve him in representing *differing interests,....*" Model Code of Professional Responsibility DR 5–105(B) (1980). (Emphasis added.) Courts presume an adverse effect results when an attorney litigates a lawsuit against a present client. *See Harte Biltmore Ltd. v. First Pennsylvania Bank, N.A.,* 655 F.Supp. 419, 421 (S.D.Fla.1987) (After a merger of two firms, members from the merged firm represented and opposed a client in two different matters. The court stated that possible adverse effects included diminution in efforts to represent a client when the same firm also opposes the client and a deleterious effect on the attorney-client relationship.). MH & S's planned merger with

Jones Day would certainly result in the merged firm taking a position adverse to a present client, Varian, because the merged firm, if it followed the wishes of its merging predecessors, wanted to continue to represent Picker in its action against Varian, as well as represent Varian in the *Genus* action.

An attorney may represent multiple clients with inconsistent interests *only* if "it is obvious that he can adequately represent the interest of each *and if each consents* to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." Model Code of Professional Responsibility DR 5–105(C) (1980) (emphasis added). *See, e.g., Unified Sewerage Agency of Washington County, Oregon v. Jelco Inc.*, 646 F.2d 1339, 1346 (9th Cir.1981) (consent is a necessary but not sufficient precondition to simultaneous representation); *EEOC*, 749 F.2d at 622 (attorney could have continued dual representation only if he had obtained the consent of *both* clients). *See also Bodily*, 649 F.Supp. at 475 (attorney must obtain consent to dual representation).

Before merging with Jones Day, MH & S sought such consent from Varian in the letter dated December 31, 1986. Clearly within its prerogative and also during the pre-merger period, Varian rejected the proposed offer of simultaneous representation in the letter to MH & S dated January 9, 1987. Having failed to obtain Varian's consent to the overlapping representation, MH & S attempted to legitimize the continuing representation of Picker in these two cases by trying to withdraw its representation of Varian in all outstanding matters. However, MH & S's unilateral attempt to terminate Varian as a client was not complete and thus could not resolve the conflict problem posed by the impending merger. MH & S's and Jones Day's actions have therefore violated DR 5–105. Moreover, the district courts acted within their discretion in concluding that only disqualification would suffice to resolve the conflict.

## II. FAILURE TO FOLLOW MANDATORY PROCEDURES.

As stated above, the disqualification of Jones Day resulted from its dual representation of Picker and Varian. That Jones Day continued to represent Varian is established by MH & S's admitted failure to complete the mandatory withdrawal procedures applicable in the district. According to the rules in effect in the Northern District of California, permission, i.e., "leave of court," was a necessary prerequisite to withdrawal as counsel from *Genus v. Varian* by MH & S. However, MH & S neither sought permission from nor was it granted permission by the District Court for the Northern District of California to withdraw from the *Genus* case. Instead, MH & S tried unilaterally to accomplish a withdrawal by notifying Varian in the January 27, 1987 letter that MH & S would no longer be representing Varian in four specific actions including the *Genus* case. When Varian asked MH & S to defer filing a withdrawal petition, MH & S was under no duty to follow such a request. Indeed, MH & S cannot be heard to complain because it acquiesced to its client's request, and therefore failed to follow the rules of court which MH & S knew governed MH & S's conduct. Furthermore, according to the mandatory withdrawal rules of DR 2–110(B)(2), if MH & S knew or it was obvious that its continued employment *would* result in violation of a Disciplinary Rule, i.e., DR 5–105, then MH & S had a *duty* to withdraw after gaining leave of court if such leave was required by local rules. Model Code of Professional Responsibility DR 2–110(B)(2) (1980). The Northern District of California had such a rule. California (N.D.) L.R. 110–5 (effective August 1, 1977; revised May 1, 1983).

Although MH & S admits it participated in the representation of Varian in the *Genus* action, MH & S asserts that it did not need the California district court's permission to withdraw from the case because none of the MH & S attorneys working on the case were admitted to practice in the Northern District of California or had been admitted *pro hac vice*. However, the district court in Utah specifically found that

withdrawal of counsel from the *Genus* case was incomplete as of the merger date because leave of the California district court to withdraw had not been obtained. The district court in Ohio also found that MH & S was still representing Varian in the *Genus* suit. We determine that neither court's finding was clearly erroneous and note that, in fact, the record establishes that MH & S implicitly conceded representation when, prior to the merger, it requested that neither its name nor the name of any of its attorneys appear in any future papers filed in the *Genus* case in the district court as attorneys for Varian although they had in the past.

Because MH & S's withdrawal was not effective before the merger due to its failure to follow an applicable withdrawal rule, simultaneous representation of clients with inconsistent interests did occur by the merging or newly merged law firm. Varian's objection to that simultaneous representation should have precluded the merging or newly merged firm from choosing to maintain one client over another.

## III. THE DUTY OF LOYALTY A FIRM OWES TO ITS EXISTING CLIENTS.

■ The propriety of an attorney's conduct under DR 5-105(B) is " 'measured not so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients.' " *EEOC*, 749 F.2d at 622 (quoting *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d Cir.1976)). Since clients of the same firm with conflicting or differing interests are protected by the consent and obviousness conditions of DR 5-105, and since Varian never gave its consent to the newly merged firm for the firm to represent Picker in the action against Varian, Jones Day's continuing representation of Picker in these two cases violated the undivided duty of loyalty that it owed to Varian. As the Ohio district court points out, while the firm may represent clients with inconsistent interests if the criteria of DR 5-105 are met, the firm may not choose to represent only one.

Picker argues that the court's analysis in *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F.2d 222 (6th Cir.1988) supports its position that no conflict of interest exists in this particular merger situation. We disagree. Although the *Manning* case did involve a lawyer joining another firm, the Court of Appeals for the Sixth Circuit analyzed the conflict in that case according to the principles behind Canon 4 of the Model Code of Professional Responsibility, i.e., the duty owed by a law firm to a *former* client, instead of Canon 5, i.e., the duty of undivided loyalty a law firm owes *existing* clients. The court was also concerned about a potential violation of DR 5-105 based on an actual conflict of interest, but determined that a confused factual record prevented a ruling on that issue. The case was remanded to clarify the facts. We do note, however, that the Court of Appeals for the Sixth Circuit stated that if an actual conflict existed and knowing consent was not given by both clients, then the district court's decision of disqualification would stand affirmed. *Manning*, 849 F.2d at 227.

■ We recognize that conflicts of interest between clients arising under DR 5-105 may increase as mergers between law firms become more common. *See Harte Biltmore Ltd.*, 655 F.Supp. at 422. To allow the merged firm to pick and choose which clients will survive the merger would violate the duty of undivided loyalty that the firms owe each of their clients under DR 5-105. *See Unified Sewerage*, 646 F.2d at 1345 n. 4. *See also Estates Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F.Supp. 93, 99–101 (S.D.N.Y.1972) (In light of DR 2-110's purpose, the court not the attorney makes the decision about which client the attorney must withdraw from representing in this differing interests-multiple representation situation.). If clients with conflicting interests do not consent to simultaneous representation, then the newly merged firm must follow the standards in DR 2-110.

DR 2-110 recognizes the right of a court to create rules to require attorneys to gain leave of court in both permissive and man-

datory withdrawal situations before they can withdraw their representation of clients in proceedings before that tribunal. As in any other case involving withdrawal, the newly merged firm must follow any applicable local rules relating to DR 2–110. The newly merged firm of Jones Day failed to follow the standards set forth in DR 2–110.

While the Ohio court was aware that its decision might injure Picker (although it retained alternative counsel), through no fault of Picker's, the court noted that a different result would injure Varian, also through no fault of Varian's. The Ohio judge also reviewed the timing of the conflict in the litigation. In addition, the judge looked at Jones Day's unwillingness to recognize an "unavoidable" conflict and to take measures that would have proved beneficial to its client Picker, i.e., to step aside when the conflict arose so that new counsel could become acquainted with the case. The magistrate in Utah found the Ohio district court's opinion persuasive and recommended that the Utah district court follow this earlier case as precedent. The Utah court affirmed the magistrate's report in all respects after de novo review.

## IV. ANY WAIVER OR CONSENT WAS INEFFECTIVE.

■ After Varian realized that the merged firm refused to consider Varian a client, Varian agreed by letter on February 11, 1987 to accept representation of Varian, in several actions including the ongoing *Genus* action, by Jones Day attorneys, formerly with MH & S.[2] The letter specified that these attorneys were acting in their individual capacities. It appears that Varian agreed to this arrangement while the motion for disqualification in the Ohio court was pending. From Varian's perspective, the agreement was a necessary evil as long as the merged firm was re-

fusing to acknowledge Varian as a client in order for the merged firm to preserve its client relationship with Picker and to represent Picker in the Ohio case. As a legal matter, however, such an agreement, signed under such conditions of duress, does not constitute voluntary waiver of or consent to Jones Day's behavior. Jones Day need not be permitted to force Varian to accept a second-class level of clienthood encumbered by such conflict, in order that Jones Day may continue to represent a more preferred client in all pending cases.

Accordingly, in response to the certified question of appeal from the Northern District of Ohio, where the district court answered no, we conclude that the district court did not abuse its discretion in ruling that this merging law firm must withdraw from the one case that provides the conflict, Civil Action No. C86–327, instead of ending its relationship with Varian, one of its clients. In response to the certified question of appeal from the District of Utah, where the district court answered yes, we conclude that that district court did not abuse its discretion in ruling that Jones Day is precluded under the provisions of DR 5–105 from representing Picker in Civil Action No. 87C–596S. Therefore, the decision of each court disqualifying Jones Day as counsel for Picker is

AFFIRMED.

ARCHER, Circuit Judge, dissenting.

I would decline to consider the issue raised by the certified questions at this time and remand for reconsideration of the facts as they presently exist, applying a balancing test for disqualification instead of a *per se* disqualification rule.

In the Ohio case, the district court for the Northern District of Ohio found that "Varian had been represented in a number of matters by the Chicago law firm of McDougall, Hersh & Scott ("MH & S")

---

**2.** The settlement of the *Genus* action prior to full litigation and conclusion of this appeal has no effect on our analysis of differing client interests because there clearly was and may remain a period of conflict. Indeed, it appears that the *Genus* action did not settle until after the two district court disqualification decisions.

Moreover, Appellant's brief indicates, on page 10, that at least one of Varian's patent application matters that MH & S was handling prior to the merger, and that an attorney formerly with MH & S now at Jones Day currently handles, remains pending.

including five that are on-going.... In particular, MH & S ... had been representing Varian in a suit in California against the Genus Corporation." *Picker Int'l, Inc. v. Varian Assocs., Inc.*, 670 F.Supp. 1363, 1364 (N.D. Ohio 1987). In the Utah case, the district court adopted a magistrate's finding that MH & S was representing Varian in four pending matters, including the *Genus* case in California. During this appeal, all of the Varian matters referred to have been settled or disposed of, with the exception of one patent application.

This court has said that we should review "with extreme caution" attorney disqualification motions because of the use of such motions as "techniques of harassment," and that disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1577 (Fed.Cir.1984) (quoting *Freeman v. Chicago Musical Instrument Co*, 689 F.2d 715, 721–22 (7th Cir.1982)). The need for caution was explained in *Ross v. Great Atlantic & Pacific Tea Co.*, 447 F.Supp. 406, 409 (S.D.N.Y. 1978), as follows:

> The Disciplinary Rules, however, are not per se mandates calling for literal application. [Citations omitted.] On the contrary, even where a Disciplinary Rule is by its terms applicable, we must examine the facts of a claimed violation of the Code and attempt to shape a remedy which will assure fairness to the parties and integrity to the judicial process. [Citations omitted.] Disqualification is a drastic step which should be avoided if possible.

*See also Board of Educ. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir.1979) ("disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and ... disqualification motions are often interposed for tactical reasons.").

I am convinced that the district courts erred in applying what amounted to a *per se* rule for disqualification under Canon 5 because no consideration was given to the detriment that Picker might suffer. The district court did not balance the duties and responsibilities to both clients and their respective interests.

> When dealing with ethical principles, ... we cannot paint with broad strokes. The lines are fine and must be so marked. Guideposts can be established when virgin ground is being explored, and the conclusion in a particular case can be reached only after a painstaking analysis of the facts and precise application of precedent.

*Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 227 (2nd Cir.1977) (quoting *United States v. Standard Oil Co.*, 136 F.Supp. 345, 367 (S.D.N.Y.1955)).

DR 5–105 says that "[a] lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests." Under this rule, all the facts and circumstances must be considered, recognizing there is a duty of loyalty to both clients. The language of the rule is broad and subject to flexible interpretation as indicated by the phrases "likely to be adversely affected by his representation" and "representing differing interests." This is not a case where a law firm desired to drop a client in order to represent another client against the abandoned one, *see Unified Sewerage Agency v. Jelco, Inc.*, 646 F.2d 1339, 1345 (9th Cir.1981), or where a law firm finds itself representing separate clients on both sides of the same issue. *Fund of Funds, Ltd.*, 567 F.2d at 227–36. Rather, this case is one where a law firm by reason of a merger finds itself representing two clients on different issues; however, one of these clients with representation in the particular case by another law firm is being sued by the other client of the merged firm. *See Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 264 (D.Del.1980).

In the resolution of this case, the district courts should apply a balancing test to the facts as they presently exist. The continu-

ing representation of Varian now involves only one patent application. Varian is represented, as it has been from the outset, by competent other counsel in its litigation with the merged firm's other client, Picker. The district court should determine the detriment each client would suffer by withdrawal. Prejudice to the respective clients is the foremost consideration, the merged law firm having a duty of loyalty to both.

# UNITED STATES COURT OF APPEALS

## Third Circuit

---

## DECISIONS WITHOUT PUBLISHED OPINIONS

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Abdul–Alim, Appeal of | 88–5604 | 1/27/89 | AFFIRMED | D.N.J., Brown, J. |
| Abdul–Alim v. State of N.J., Dept. of Corrections | 88–5604 | 1/27/89 | AFFIRMED | D.N.J., Brown, J. |
| Ackerman v. McBurney & Co., Inc. | 88–3458 | 1/30/89 | AFFIRMED | W.D.Pa., Standish, J. |
| Alevras v. Chairman, State of N.Y. Bd. of Parole | 88–5726 | 1/5/89 | AFFIRMED | D.N.J., Debevoise, J. |
| Altman Carpentry, Inc. v. Perini Corp. | 88–1551, 88–1567, 88–1594 | 1/20/89 | AFFIRMED | E.D.Pa., Kelly, J. |
| American Friends Service Committee v. Department of Defense through Defense Logistics Agency | 88–1671 | 1/19/89 | AFFIRMED | E.D.Pa., VanArtsdalen, J. |
| Ayers, Appeal of | 88–1764 | 1/26/89 | AFFIRMED | E.D.Pa., Giles, J. |
| Azorsky, Appeal of | 88–3424, 88–3425 | 1/17/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Beaston, Appeal of | 88–5751 | 1/27/89 | AFFIRMED | M.D.Pa., Caldwell, J., 693 F.Supp. 234 |
| Beaston v. Scotland School for Veterans' Children | 88–5751 | 1/27/89 | AFFIRMED | M.D.Pa., Caldwell, J., 693 F.Supp. 234 |
| Berkelbaugh v. Petsock | 88–3671 | 1/11/89 | REMANDED | W.D.Pa. |
| Boatin v. Faraglia | 88–1598 | 1/23/89 | AFFIRMED | E.D.Pa.., McGlynn, J. |
| Brantley v. Secretary of Dept. of Health and Human Services of U.S. | 88–5643 | 1/23/89 | AFFIRMED | D.N.J., Sarokin, J. |
| Brown, Appeal of | 88–1601 | 1/20/89 | AFFIRMED | E.D.Pa., Newcomer, J., 690 F.Supp. 1423 |
| Burks, Appeal of | 88–3267 | 1/20/89 | AFFIRMED | W.D.Pa., Diamond, J. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Campbell v. Lalley | 88–1093, 88–1094, 88–1095 | 1/23/89 | AFFIRMED | E.D.Pa., McGlynn, J. |
| C.B.M. Coal Co. v. Benefits Review Bd. | 88–3535 | 1/30/89 | REVIEW DENIED | Ben.Rev.Bd. |
| Clay v. East Jersey State Prison's Medical Dept. | 88–5618 | 1/10/89 | AFFIRMED | D.N.J., Debevoise, J. |
| Clover Square Associates v. Northwestern Mut. Life Ins. Co. | 88–5565, 88–5581 | 1/17/89 | AFFIRMED | D.N.J., Fisher, J., 674 F.Supp. 1137 |
| Cohen v. Ackerman | 88–3458 | 1/30/89 | AFFIRMED | W.D.Pa., Standish, J. |
| Cunningham v. Sides | 88–3585 | 1/20/89 | AFFIRMED | W.D.Pa., McCune, J. |
| Delaware Valley Wholesale Florist, Inc. v. Peters' Petals | 88–1456 | 1/9/89 | VACATED IN PART AND REMANDED | E.D.Pa. |
| Des Moines '81 Associates, Appeal of | 88–5644 | 1/30/89 | AFFIRMED | D.N.J., Bissell, J. |
| Des Moines '81 Associates v. F.W. Woolworth Co. | 88–5644 | 1/30/89 | AFFIRMED | D.N.J., Bissell, J. |
| Drogowski v. Pennsylvania Dept. of Transp. | 88–3685 | 1/25/89 | AFFIRMED | W.D.Pa., Ziegler, J. |
| Elam v. Bowen | 88–5742 | 1/30/89 | AFFIRMED | D.N.J. |
| Engleman, Appeal of | 88–3360 | 1/17/89 | AFFIRMED | W.D.Pa. |
| Engleman v. White Mach. Co., Inc. | 88–3360 | 1/17/89 | AFFIRMED | W.D.Pa. |
| Fantasia, Appeal of | 88–1456 | 1/9/89 | VACATED IN PART AND REMANDED | E.D.Pa. |
| Farmer, Appeal of | 88–1672 | 1/23/89 | AFFIRMED | E.D.Pa., Weiner, J. |
| Farmer v. Godiska | 88–1672 | 1/23/89 | AFFIRMED | E.D.Pa., Weiner, J. |
| Fein v. S.E.C. | 88–3471 | 1/17/89 | REVIEW DENIED | S.E.C. |
| Figueroa, Appeal of | 88–1325 | 1/27/89 | AFFIRMED | E.D.Pa. |
| Frazier v. Ryan | 88–1526 | 1/20/89 | AFFIRMED | E.D.Pa., Broderick, J. |
| Garrett R.R. Car & Equipment, Inc. v. N.L.R.B. | 88–3526, 88–3584 | 1/23/89 | ORDER ENFORCED, REVIEW DENIED | Dept. of Labor |
| Government of Virgin Islands, Appeal of | 87–3803 | 1/4/89 | APPEAL DISMISSED, ORDERS VACATED | D.V.I. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Government of Virgin Islands v. Colbourne | 87–3767 | 1/23/89 | REVERSED IN PART, REINSTATED IN PART AND REMANDED | D.V.I. |
| Government of Virgin Islands v. Forde | 87–3862 | 1/4/89 | AFFIRMED | D.V.I., O'Brien, J. |
| Gus Genetti Hotel and Restaurant, Inc. v. Stevens | 88–5639 | 1/23/89 | AFFIRMED | M.D.Pa., Kosik, J. |
| Hamilton, Appeal of | 88–1695 | 1/26/89 | AFFIRMED | E.D.Pa., Shapiro, J. |
| Hanna v. Navistar Intern. Transp. Corp. | 88–5619, 88–5635 | 1/17/89 | AFFIRMED | M.D.Pa., Muir, J. |
| Hardy v. U.S. Dept. of Agriculture | 88–5608 | 1/12/89 | AFFIRMED | D.N.J., Rodriguez, J. |
| Hayes, Appeal of | 88–3561 | 1/20/89 | AFFIRMED | W.D.Pa. |
| Herzig v. Aetna Cas. & Sur. Co. | 88–1656 | 1/20/89 | AFFIRMED | E.D.Pa., Green, J., 693 F.Supp. 306 |
| Hormell, Appeal of | 88–3424, 88–3425 | 1/11/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Insurance Management and Services, Inc. v. Maryland Cas. Co. | 88–5524, 88–5553 | 1/23/89 | AFFIRMED | M.D.Pa., Kosik, J. |
| Johnston v. Home Ins. Co. | 88–580 | 1/13/89 | AFFIRMED | D.N.J., Ackerman, J. |
| Jordan, Appeal of | 88–3600 | 1/9/89 | AFFIRMED | W.D.Pa., Rosenberg, J. |
| Jordan v. Lindholm | 88–3600 | 1/9/89 | AFFIRMED | W.D.Pa., Rosenberg, J. |
| Kelly v. Hartford Ins. Co. | 88–1700 | 1/20/89 | AFFIRMED | E.D.Pa., Gawthrop, J. |
| Khalil v. University of Medicine and Dentistry of New Jersey | 88–5625 | 1/10/89 | AFFIRMED | D.N.J., Debevoise, J. |
| Kilbarr Corp. v. Business Systems Inc., B.V. | 88–5558 | 1/23/89 | AFFIRMED | D.N.J., 679 F.Supp. 422 |
| King v. Mahogany Run Development Corp. | 87–3803 | 1/4/89 | APPEAL DISMISSED, ORDERS VACATED | D.V.I. |
| Koven, Appeal of | 88–5605 | 1/20/89 | AFFIRMED | D.N.J., Palitan, J. |
| Kravinsky v. Wolk | 88–1690 | 1/20/89 | AFFIRMED | D.Pa., VanArtsdalen, J. |
| Labov v. Lalley | 88–1093, 88–1094, 88–1095 | 1/23/89 | AFFIRMED | E.D.Pa., McGlynn, J. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Landes v. Yost | 88–1865 | 1/24/89 | AFFIRMED | E.D.Pa. |
| Ludlow v. Slocum | 88–5516 | 1/27/89 | AFFIRMED | D.N.J., Debevoise, J. |
| Lustrelon, Inc. v. N.L.R.B. | 88–3470, 88–3552 | 1/17/89 | AFFIRMED | N.L.R.B. |
| McCormick v. Odd Lot Trading, Inc. | 88–1533 | 1/20/89 | AFFIRMED | E.D.Pa. |
| Marshak v. Pinkney | 88–5525 | 1/17/89 | AFFIRMED | D.N.J. |
| Meier v. Anderson | 88–1652 | 1/27/89 | AFFIRMED | E.D.Pa., 692 F.Supp. 546 |
| Midlantic Nat. Bank/Merchants v. United Venture Farms, Inc. | 88–5626 | 1/17/89 | AFFIRMED | D.N.J., Wolin, J. |
| Milek v. Roman | 88–5590 | 1/30/89 | AFFIRMED | D.N.J., Fisher, J. |
| Miller v. Azorsky | 88–3424, 88–3425 | 1/17/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Miller v. Emeco Industries, Inc. | 88–5551 | 1/3/89 | REVERSED | M.D.Pa. |
| Moore, Appeal of | 88–5532, 88–5666 | 3/31/89 | AFFIRMED | D.N.J., Barry, J. |
| Morrow v. Bowen | 88–5741 | 1/31/89 | AFFIRMED | M.D.Pa. |
| Mourning v. Vincent | 88–5458 | 1/12/89 | AFFIRMED | D.N.J., Brotman, J. |
| N.L.R.B. v. Pennex Aluminum Corp. | 88–3456 | 1/20/89 | ORDER ENFORCED | Ben.Rev.Bd. |
| N.L.R.B. v. Tubari Ltd., Inc. | 88–3518, 88–3579 | 1/30/89 | REVIEW DENIED, ORDER ENFORCED | N.L.R.B. |
| Netelkos, Appeal of | 88–5398 | 1/24/89 | AFFIRMED | D.N.J., Ackerman, J. |
| Northwestern Mut. Life Ins. Co., Appeal of | 88–5565, 88–5581 | 1/17/89 | AFFIRMED | D.N.J., Fisher, J., 674 F.Supp. 1137 |
| Ohlsen v. Government of Virgin Islands | 88–3102 | 1/4/89 | VACATED AND REMANDED | D.V.I. |
| Patrick v. Westinghouse Elec. Corp. | 88–1751 | 1/31/89 | AFFIRMED | E.D.Pa. |
| Perini Corp. v. Stern | 88–1551, 88–1567, 88–1594 | 1/20/89 | AFFIRMED | E.D.Pa., Kelly, J. |
| Peters' Petals v. Pozsonyi | 88–1456 | 1/9/89 | VACATED IN PART AND REMANDED | E.D.Pa. |
| Petrone, Appeal of | 88–3605 | 1/30/89 | AFFIRMED | W.D.Pa., McCune, J. |
| Pinkney, Appeal of | 88–5525 | 1/17/89 | AFFIRMED | D.N.J. |
| Pino, Appeal of | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Pittsburgh Nat. Bank v. Anderson | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Emrick | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Fent | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Leroy | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Morris | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Parker | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Parker for Parker Children | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Pino | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Purdon | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Story | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Umphrey | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pittsburgh Nat. Bank v. Vicking Ventures Corp. | 88–3545 | 1/23/89 | AFFIRMED | W.D.Pa., Weber, J. |
| Pozsonyi v. Peters | 88–1456 | 1/9/89 | VACATED IN PART AND RE-MANDED | E.D.Pa. |
| Prieto, Appeal of | 88–5666 | 1/12/89 | AFFIRMED | D.N.J., Bissell, J. |
| Rotz v. Lalley | 88–1093, 88–1094, 88–1095 | 1/23/89 | AFFIRMED | E.D.Pa., McGlynn, J. |
| Ryder Truck Rental, Inc. v. Graham | 88–1673 | 1/19/89 | AFFIRMED | E.D.Pa. Fullam, J. |
| Salvador v. Mazzocone | 88–1449 | 1/30/89 | AFFIRMED | M.D.Pa., Newcomer, J. |
| Schirmer v. Eastman Kodak Co. | 88–1544 | 1/20/89 | AFFIRMED | E.D.Pa. |
| Sea–Land Service, Inc. v. Rock | 88–3511 | 1/20/89 | APPEAL DIS-MISSED | Ben.Rev.Bd. |
| Smith, Appeal of | 88–3640 | 1/31/89 | AFFIRMED | W.D.Pa., Mencer, J., 694 F.Supp. 125 |
| Solomon v. Bern Haven, Inc. | 88–5429 | 1/31/89 | AFFIRMED IN PART, RE-VERSED IN PART AND RE-MANDED | M.D.Pa. |
| Sowers v. Bradford Area School Dist. | 88–3640 | 1/31/89 | AFFIRMED | W.D.Pa., Mencer, J., 694 F.Supp. 125 |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Steele v. Mothercare Stores, Inc. | 88–5631 | 1/24/89 | AFFIRMED | D.N.J. |
| Stevens v. Gus Genetti Hotel and Restaurant, Inc. | 88–5639 | 1/23/89 | AFFIRMED | M.D.Pa., Kosik, J. |
| Student Public Interest Research Group of New Jersey, Inc. v. Anchor Thread Co. | 88–5504, 88–5527, 88–5775, 88–5858, 88–5859 | 1/24/89 | AFFIRMED | D.N.J. |
| Sweeney v. Stewart | 88–3044 | 1/25/89 | AFFIRMED | W.D.Pa., Willson, J. |
| U.S. v. Ayers | 88–1764 | 1/26/89 | AFFIRMED | E.D.Pa., Giles, J. |
| U.S. v. Brown | 88–1601 | 1/20/89 | AFFIRMED | E.D.Pa., Newcomer, J., 690 F.Supp. 1423 |
| U.S. v. Covatto | 88–3550, 88–3617 | 1/26/89 | AFFIRMED | W.D.Pa. |
| U.S. v. Falcone | 88–1541 | 1/23/89 | AFFIRMED | E.D.Pa., Hannum, J. |
| U.S. v. Figueroa | 88–1325 | 1/27/89 | AFFIRMED | E.D.Pa. |
| U.S. v. Hamilton | 88–1695 | 1/26/89 | AFFIRMED | E.D.Pa., Shapiro, J. |
| U.S. v. Hayes | 88–3561 | 1/20/89 | AFFIRMED | W.D.Pa. |
| U.S. v. Heilman | 88–5867 | 1/31/89 | AFFIRMED | M.D.Pa. |
| U.S. v. Koven | 88–5605 | 1/20/89 | AFFIRMED | D.N.J., Politan, J. |
| U.S. v. Leech | 88–3137 | 1/30/89 | AFFIRMED | W.D.Pa., Mencer, J. |
| U.S. v. Martino | 88–1565 | 1/30/89 | AFFIRMED | E.D.Pa., O'Neill, J. |
| U.S. v. Medical Office of Dr. Charles Burks | 88–3267 | 1/20/89 | AFFIRMED | W.D.Pa., Diamond, J. |
| U.S. v. Moore | 88–5532, 88–5660 | 1/31/89 | AFFIRMED | D.N.J., Barry, J. |
| U.S. v. Netelkos | 88–5398 | 1/24/89 | AFFIRMED | D.N.J., Ackerman, J. |
| U.S. v. Petrone | 88–3605 | 1/30/89 | AFFIRMED | W.D.Pa., McCune, J. |
| U.S. v. Prieto | 88–5666 | 1/12/89 | AFFIRMED | D.N.J., Bissell, J. |
| U.S. v. Tucker | 88–1642 | 1/25/89 | AFFIRMED | E.D.Pa. |
| U.S. v. Weeden | 88–5697 | 1/27/89 | AFFIRMED | M.D.Pa., Rambo, J., 651 F.Supp. 76 |
| Utility Co–Workers' Ass'n v. Public Service Elec. and Gas Co. | 88–5661 | 1/19/89 | AFFIRMED | D.N.J., Barry, J. |
| Williams v. Delta Truck Body Co., Inc. | 88–1758 | 1/31/89 | DISMISSED | E.D.Pa. |
| York v. Day | 88–1706 | 1/5/89 | AFFIRMED | E.D.Pa., Newcomer, J. |

# UNITED STATES COURT OF APPEALS

## Fourth Circuit

---

## DECISIONS WITHOUT PUBLISHED OPINIONS

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Abbott v. Nichols | 88–2533 | 2/6/89 | AFFIRMED | N.D.W.Va. |
| Adkins v. U.S. | 88–2573 | 2/2/89 | AFFIRMED | D.S.C. |
| Barnard v. Board of Com'rs of Clay County, N.C. | 88–3503 | 2/3/89 | AFFIRMED | W.D.N.C. |
| Bell v. English | 88–6803 | 2/6/89 | AFFIRMED | E.D.Va.; Appeal after remand 836 F.2d 545 |
| Bellamy v. Kastle Systems, Inc. | 88–3909 | 2/15/89 | AFFIRMED | E.D.Va. |
| Braude & Margulies, PC v. Pierce Associates, Inc. | 88–2523 | 2/10/89 | AFFIRMED | E.D.Va. |
| Brazerol v. Bowen | 88–2856 | 2/13/89 | AFFIRMED | W.D.Va. |
| Brooks v. Muncy | 88–7761 | 2/17/89 | AFFIRMED | W.D.Va. |
| Brown v. Stephenson | 88–6844 | 2/9/89 | AFFIRMED | E.D.N.C. |
| Capps v. Baker | 88–6852 | 2/2/89 | AFFIRMED | E.D.N.C. |
| Castleberry v. Dixon | 88–7806 | 2/16/89 | CPC DENIED, IFP DENIED—DISMISSED | M.D.N.C. |
| Castleberry v. State of N.C. | 88–7303 | 2/21/89 | DISMISSED | E.D.N.C. |
| Charles v. Dougal | 88–1714 | 2/16/89 | AFFIRMED | E.D.N.C., 685 F.Supp. 508 |
| Clay v. Moore | 88–7183 | 2/7/89 | AFFIRMED | S.D.W.Va. |
| Clune v. Schultz | 88–2132 | 2/6/89 | AFFIRMED | E.D.Va. |
| Cumber v. McQueen | 88–7793 | 2/6/89 | AFFIRMED | E.D.N.C. |
| Dominion Resources, Inc. v. Atlantic Nuclear Services, Inc. | 88–1040 | 2/21/89 | AFFIRMED | N.D.W.Va. |
| Ferrante v. Bowen | 88–3907 | 2/7/89 | AFFIRMED | D.Md. |
| Florence Pepsi Properties, Inc. v. Energywave Corp. | 88–1523 | 2/6/89 | AFFIRMED | D.S.C. |
| Gullet v. Wilt | 88–6797 | 2/21/89 | AFFIRMED | D.Md. |
| Hannan v. Bowen | 88–3108 | 2/9/89 | REVERSED AND REMANDED | S.D.W.Va. |
| Harris v. Davis | 88–7822 | 2/2/89 | AFFIRMED | D.Md. |
| Heaney v. Kinney Shoe Corp. | 88–3560 | 2/15/89 | AFFIRMED | N.D.W.Va. |
| Henry v. Denmark Technical College | 88–3980 | 2/21/89 | AFFIRMED | D.S.C. |
| Hicks v. Butler | 88–3075 | 2/14/89 | REVERSED AND REMANDED | E.D.Va. |
| Hill–Bey v. State of MD. | 88–7291 | 2/17/89 | AFFIRMED | D.Md. |
| Hohl v. Roberts | 88–1713, 88–1737 | 2/2/89 | AFFIRMED | D.Md. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Home and Lot Owners Ass'n of Shawnee–Land, Inc. v. Marjec Inc. | 88–3093 | 2/16/89 | AFFIRMED | W.D.Va. |
| James Berry Co., Inc. v. Energywave Corp. | 88–1522 | 2/6/89 | AFFIRMED | D.S.C. |
| Johnson v. City of Charlotte, N.C. | 88–3031 | 2/3/89 | AFFIRMED | W.D.N.C. |
| Johnson v. C.I.R. | 88–1727 | 2/16/89 | AFFIRMED | U.S.T.C. |
| Jordan v. Juhnke | 87–1747 | 2/3/89 | AFFIRMED | E.D.Va. |
| Kirby v. Lee | 88–7694 | 2/14/89 | DISMISSED | E.D.N.C. |
| Langley v. Chester | 87–6608 | 2/15/89 | AFFIRMED | E.D.N.C. |
| Marshall v. Huffman | 88–7314 | 2/16/89 | AFFIRMED | W.D.Va. |
| Martin v. Hagg | 88–7313 | 2/13/89 | AFFIRMED | N.D.W.Va. |
| Miller, In re | 88–8024, 88–8025 | 2/21/89 | IFP GRANTED— DISMISSED | M.D.N.C. |
| Miller v. Culpeper County Jail | 88–7267 | 2/16/89 | AFFIRMED | E.D.Va. |
| Million v. Murray | 88–7825 | 2/21/89 | AFFIRMED | W.D.Va. |
| Moody v. State of MD. | 88–7259 | 2/17/89 | AFFIRMED | D.Md. |
| Newkirk v. Portsmouth Circuit Court | 88–7799 | 2/9/89 | AFFIRMED | E.D.Va. |
| Payne v. U.S. Dept. of Health & Human Services | 88–3132 | 2/15/89 | AFFIRMED | W.D.Va. |
| Pilar v. Mayor and City Council of Baltimore City | 88–2147 | 2/7/89 | AFFIRMED | D.Md. |
| Richard v. Weinberger | 88–3937 | 2/10/89 | AFFIRMED | E.D.Va. |
| Rizer v. Gillispie | 88–7312 | 2/6/89 | VACATED AND REMANDED | N.D.W.Va. |
| Ross v. Lightfoot | 88–7054 | 2/16/89 | DISMISSED | D.Md. |
| Ruffin v. Johnson | 88–6818 | 2/16/89 | AFFIRMED | E.D.Va. |
| Sanders v. U.S. | 88–2936 | 2/2/89 | IFP DENIED— DISMISSED | D.Md. |
| Shipp v. Dunning | 88–6851 | 2/13/89 | AFFIRMED | E.D.Va. |
| Smith, In re | 88–8027 | 2/21/89 | IFP GRANTED— DENIED | D.Md. |
| Smith v. Bowen | 88–2524 | 2/10/89 | VACATED AND REMANDED | E.D.N.C. |
| Smith v. Warden, Maryland Penitentiary | 88–7771 | 2/16/89 | CPC DENIED— DISMISSED | D.Md. |
| Spears v. Bullock | 88–6757 | 2/13/89 | AFFIRMED | E.D.N.C. |
| Sweeney Co. of Maryland v. Engineers–Constructors, Inc. | 88–3918, 88–3932 | 2/10/89 | AFFIRMED | E.D.Va.; Appeal after remand 823 F.2d 805 |
| Talley v. Bowen | 88–3867 | 2/21/89 | AFFIRMED | E.D.Va. |
| Tauber v. Goldstein | 88–3570 | 2/10/89 | AFFIRMED | D.Md. |
| Tauber v. Meyer | 88–3569 | 2/10/89 | AFFIRMED | D.Md. |
| T.E. Cuttino Const. Co. v. Rigid Steel Structures | 88–3913 | 2/17/89 | AFFIRMED IN PART, REVERSED IN PART AND REMANDED | D.S.C. |

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Twine v. Murray | 88–7680 | 2/21/89 | CPC DENIED—DISMISSED | E.D.Va. |
| Underwood v. Winebrenner | 88–6775 | 2/2/89 | CPC DENIED—DISMISSED | D.Md. |
| U.S. v. Bush | 88–7133, 88–7189 | 2/7/89 | AFFIRMED | E.D.Va. |
| U.S. v. Dragotta | 88–7673 | 2/10/89 | AFFIRMED | D.Md. |
| U.S. v. Gbolade | 88–5016 | 2/15/89 | AFFIRMED | E.D.N.C. |
| U.S. v. Henry | 88–5033 | 2/21/89 | AFFIRMED | W.D.N.C. |
| U.S. v. Hoffman | 87–5154 | 2/21/89 | AFFIRMED | M.D.N.C. |
| U.S. v. Merchant | 88–5585 | 2/16/89 | AFFIRMED | W.D.Va. |
| U.S. v. Miller | 88–7248 | 2/21/89 | AFFIRMED | M.D.N.C. |
| U.S. v. Smith | 87–5139 | 2/16/89 | AFFIRMED | D.S.C. |
| U.S. v. Swanger | 88–5536 | 2/15/89 | AFFIRMED | W.D.N.C. |
| U.S. v. Woodard | 88–5117 | 2/8/89 | AFFIRMED | E.D.Va. |
| U.S. v. Worsley | 88–5120 | 2/21/89 | AFFIRMED | E.D.Va. |
| Varney v. Bowen | 88–2832 | 2/7/89 | AFFIRMED | S.D.W.Va. |
| Wheeler v. Virginia Elec. & Power Co. | 88–1040 | 2/21/89 | AFFIRMED | N.D.W.Va. |
| Wilkins v. Gift | 88–6628 | 2/16/89 | AFFIRMED | D.Md. |
| Wilkins v. Packard | 88–6629 | 2/16/89 | AFFIRMED | D.Md. |
| Williams v. Harris–Teeter Supermarkets, Inc. | 87–3192 | 2/16/89 | AFFIRMED | W.D.N.C. |