**Susan HARRISON and Jim Edwards as next friend, parents, and guardians of James Bobby Harrison, et al., Plaintiffs,**

v.

**FISONS CORPORATION, a Massachusetts corporation, etc., et al., Defendants.**

**No. 93–027–Civ–Orl–19.**

United States District Court,
M.D. Florida,
Orlando Division.

April 14, 1993.

John W. Bussey, III, Scott A. Turner, Johnson and Bussey, P.A., Jon Eric Johnson, Johnson & Bussey, III, Orlando, FL, for plaintiffs.

Steven E. Siff [term 04/14/93], Thomas G. Schultz [term 04/14/93], Peter L. Resnik [term 04/14/93], Donald R. Frederico [term 04/14/93], Marjory D. Robertson [term 04/14/93], McDermott, Will & Emery, Miami, FL, Michael R. Levin, E. Thom Rumberger, Wendy Vomacka, Rumberger, Kirk & Caldwell, P.A., Orlando, FL, Adolfo R. Garcia [term 04/14/93], McDermott, Will & Emery, Boston, MA, for defendants.

## ORDER

BAKER, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motions filed herein:

MOTION: DEFENDANT'S PETITION TO BE SPECIALLY ADMITTED PRO HAC VICE

AND DESIGNATION OF LOCAL COUNSEL (# 11)

FILED: February 9, 1993

MOTION: PLAINTIFF'S MOTION TO DISQUALIFY THE LAW FIRM OF McDERMOTT, WILL AND EMERY (# 21)

FILED: February 24, 1993

Attorneys from the law firm of McDermott, Will & Emery ("MW & E") seek to appear for the Defendant Fisons Corporation *pro hac vice* along with local counsel. Plaintiffs oppose this motion and seek to disqualify MW & E and all its attorneys from representing Fisons on the ground that MW & E also represents First Union National Bank, a named Plaintiff in this action.

Based on the submissions of the parties, the operative material facts are not in dispute. MW & E is a large, multi-office law firm whose attorneys have represented Fisons for several years with special regard to claims and litigation related to the particular drug at issue in this case.

Other MW & E attorneys, in a different office, have (at least until the filing of these motions) represented First Union National Bank in a variety of matters, wholly unrelated to any aspect of the Fisons' representation. MW & E has attempted to complete its representations of First Union and has not taken on new matters for the Bank.

First Union is named as a Plaintiff in its capacity as guardian of the property of the minor Plaintiff James Bobby Harrison, having been duly appointed by the Orange County Circuit Court in 1990. Because First Union has fiduciary responsibilities in that capacity and has its own commercial interest in management of the property of its ward, it is more than a nominal party. Indeed, MW & E, on behalf of Fisons, has stated an intention to seek an award against the Plaintiffs, including First Union, if it is able to establish that this litigation is frivolous (based on assertion of the statute of limitations).

Rule 4–1.7(a) of the Rules Regulating the Florida Bar[1] provides:

(a) Representing Adverse Interests. A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and

(2) the client consents after consultation.

Unlike the ethical rules pertaining to representation of interests adverse to a *former* client, this Rule as to adversity between concurrent clients provides no possible exception when the clients do not consent. As the comment to the Rules states:

[L]oyalty to a client prohibits undertaking representation directly adverse to [a] client's ... interests without the affected client's consent.... Thus, a lawyer may not act as an advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated.

To complete the logical circle, Rule 4–1.10(a) imputes to all lawyers in a firm the disqualification of any of them under Rule 4–1.7.

On the facts presented, it is inescapable that MW & E was, at the commencement of this litigation, counsel to both First Union and Fisons. Absent the informed consent of both clients, this concurrent representation is forbidden.[2] First Union has refused to consent to the conflicted representation. Thus, by representing without consent an interest adverse to its client First Union, MW & E and its attorneys are in violation of these Rules. *See Cinema 5 Ltd. v. Cinerama Inc.,* 528 F.2d 1384 (2d Cir.1976).

MW & E raises several points in avoidance of this result. MW & E has asserted that "Capital Management Group" is the guardian rather than First Union. MW & E then relies on the commentary to Rule 4–1.13, Rules Regulating the Florida Bar, to avoid its disqualification because Capital Management Group is only an affiliate of its client First Union. The records showing the organization of the Bank do not support this escape route. Capital Management Group is *not* a separate legal entity but rather is an operating unit within the Bank. Accordingly, MW & E must be held to the strict letter of the Rule. Moreover, the guardianship papers show that it is First Union which is the guardian. Indubitably, First Union is MW & E's client.

■ MW & E also relies on the extensive prelitigation contact between the parties to bolster its argument that disqualification would be an unfair hardship imposed on Fisons. However, there has been no showing of waiver nor any suggestion that First Union's appointment was in any way contrived to achieve disqualification. Indeed, the guardianship commenced independently at almost the same time MW & E happened to begin its representation of Fisons.

MW & E goes to great lengths to establish that its attorneys have not had access to confidential information from First Union which would in any way taint the representation in this litigation. That may be correct but is beside the point in applying Rule 4–1.7. The absence of a substantial relationship between the representations would be material if First Union had been a former client. See Rule 4–1.8. It has no bearing on the circumstances presented in this case.

Nor does MW & E's effort to end its relationship with First Union affect the outcome. A lawyer may not evade ethical responsibilities by choosing to jettison a client whose continuing representation becomes awkward. Allowing lawyers to pick the more attractive representation would denigrate the fundamental concept of client loyalty. *See,*

---

1. Although the Preamble to the Rules states that the Rules are not to be invoked as procedural weapons in litigation, courts have consistently relied on ethics codes to establish standards for ruling on claimed conflicts of interest.

2. The Rules also require that the lawyer reasonably believe that the representation would not adversely affect the lawyer's responsibilities and relationship with the other client. No issue has been raised regarding MW & E's responsibilities to First Union, but the relationship has been disrupted to the point where MW & E is attempting to terminate it.

*e.g., Picker International Inc. v. Varian Associates, Inc.*, 869 F.2d 578 (Fed.Cir.1989). *Cf. Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491 (11th Cir.1989) (affirming allowance of withdrawal from representation to avoid disqualification, without discussing duty of loyalty).

Increasingly, the practice of law has taken on the attributes of business while shedding elements of professionalism. Yet, there remain important distinctions between the attorney-client relationship and that formed between a buyer and seller in ordinary commerce. The unique role of lawyers in access to the administration of justice, their monopoly in the authority to practice law and the special trust reposed by clients all require that lawyers look to something beyond their immediate pecuniary interests in dealing with conflicts of interest.

Doubtless, the disqualification of MW & E will create some hardships for Fisons, through no fault of its own. However, to allow MW & E to appear adversely to its other client, First Union, would undermine the Bank's legitimate expectation of loyalty.

Having chosen to take the perceived advantages of practicing in multiple, far-flung offices, MW & E, like other large law firms, must honor the concomitant limitations on its practice. The business pressures of the modern practice of law cannot be permitted to erode the assurance of undivided loyalty upon which every client of a law firm is entitled to rely.

The motion for admission *pro hac vice* is **DENIED.** The motion to disqualify MW & E is **GRANTED.** At the previously held scheduling conference, counsel for Fisons indicated that its position regarding orderly progress would be dramatically affected if MW & E were to be disqualified. Defendant Fisons shall file within 15 days a statement regarding its position regarding scheduling matters in light of these rulings.

**DONE** and **ORDERED.**