428

an order denying the motion, plaintiff appeals.

It must be perfectly apparent that plaintiff is seeking to appeal from the original judgment by indirection after the time has expired. What he cannot do directly he cannot do indirectly. Perrin v. Aluminum Co. of America, 9 Cir. 1952, 197 F.2d 254.

Plaintiff filed an additional motion requesting a hearing by a three-judge court of his original complaint. The district court expressly stated that it was not passing on this motion, and in fact, no order appears to have been made. If it could be assumed that the district court also denied this so-called alternate motion, and that the plaintiff took a valid appeal therefrom, nevertheless there could be no merit to the appeal because this motion, again, specifically sought to open a complaint that had been finally disposed of.

Affirmed.

Hiram Whittle, appellant, pro se.

Fred Oken, Asst. Atty. Gen., of Maryland (Thomas B. Finan, Atty. Gen., of Maryland, on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and LARKINS, District Judge.

PER CURIAM:

This appeal must be dismissed for it is an attempt to have immediate review of an unappealable interlocutory order.

**Hiram WHITTLE, Administrator of the Estate of Edgar Whittle, Appellant,**

v.

**J. Millard TAWES, Governor of the State of Maryland, Appellee.**

No. 9746.

United States Court of Appeals Fourth Circuit.

Argued March 5, 1965.

Decided April 5, 1965.

Hiram Whittle brought an action against the Governor of Maryland to compel him to investigate the circumstances surrounding the death of the plaintiff's brother, Edgar Whittle, which occurred in 1942. The defendant filed a motion to dismiss and obtained an order deferring the taking of depositions by the plaintiff pending the disposition of that motion. It is from this order that appellant appeals. This is a routine procedural step in the normal administration of the case and obviously not the type of order that may be reviewed before the final determination of the case, and 28 U.S.C.A. § 1292(a) (1), upon which the appellant relies, is inapplicable. The appeal will be

Dismissed.

