**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellee,**

v.

**ORSON H. GYGI CO., INC., Defendant-Appellant.**

**No. 83–2545.**

United States Court of Appeals, Tenth Circuit.

Dec. 10, 1984.

Ronald C. Barker, Salt Lake City, Utah, for defendant-appellant.

Johnnie J. Butler, Gen. Counsel, Philadelphia, Pa. (Acting), Philip B. Sklover, Associate Gen. Counsel, Susan Buckingham Reilly, Asst. Gen. Counsel (Acting) and Stephen P. O'Rourke, Atty., E.E.O.C., Washington, D.C., for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal by defendant Orson H. Gygi Co., Inc. ("Gygi") from an order of the United States District Court in Utah which disqualifies its attorney from this case.

The facts are as follows. On June 4, 1980, Julynne Rich (formerly Julynne Campbell) and Sandra Kay Jones filed Title VII sex discrimination charges against Gygi with the Equal Employment Opportunity Commission ("EEOC").

After the EEOC had determined that there was reasonable cause to believe the charges to be true, Ronald C. Barker notified the Commission that he was representing Gygi in both matters. Mr. Barker and the EEOC engaged in conciliation efforts until December 3, 1981, when the EEOC decided that no further efforts would be made. Communication between Mr. Barker and the EEOC continued until January 12, 1982.

On January 25, 1982, Ms. Rich, then using the name Campbell, retained Mr. Barker to represent her in an annulment matter. The annulment was completely unrelated to Ms. Rich's Title VII discrimination charge against Gygi. Mr. Barker served as Ms. Rich's attorney until May 17, 1982, when the annulment became final. During the annulment proceeding, Ms. Rich changed her name from Campbell back to Rich.

On October 12, 1982, the EEOC commenced this lawsuit against Gygi, charging the company with sex discrimination in hiring. It was not until May 8, 1983, the day before Ms. Rich's deposition was to be tak-

en, that the parties learned that Mr. Barker had represented both Gygi and Ms. Rich. Ms. Rich objected to Mr. Barker's continued representation of Gygi. She stated in her affidavit, "I was and am very much concerned that I may have divulged confidences to him which might now be used against me in the EEOC's lawsuit brought on my behalf." The EEOC then moved to disqualify Mr. Barker on the ground that his simultaneous representation of Gygi and Ms. Rich without their consent violated the Code of Professional Responsibility. The district court adopted the Order and Memorandum of the United States Magistrate. It disqualified Mr. Barker from further representation of Gygi in this case.

■ "Ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and his performance in this area is a matter of judicial discretion." *Redd v. Shell Oil Co.,* 518 F.2d 311, 314 (10th Cir.1975), citing *Waters v. Western Co. of North America,* 436 F.2d 1072, 1073 (10th Cir.1971). Except where a purely legal issue is involved, a district court's order of disqualification will be reversed only if the court has abused its discretion. *Trust Corp. of Montana v. Piper Aircraft Corp.,* 701 F.2d 85, 87 (9th Cir.1983); *Grahams Service Inc. v. Teamsters Local 975,* 700 F.2d 420, 423 (8th Cir.1982); *Cheng v. GAF Corp.,* 631 F.2d 1052, 1055 (2d Cir.1980), *vacated on other grounds,* 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981); *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir.1980). No such abuse of discretion occurred here.

■ The district court correctly determined that Mr. Barker had simultaneously represented Gygi and Ms. Rich. Even though settlement negotiations on the discrimination charges were terminated before Mr. Barker undertook to represent Ms. Rich in the annulment matter, those charges remained alive. We agree with the Magistrate's Order and Memorandum, as adopted by the district court, that "[a]

lawsuit was likely and imminent, and there was continued representation of this defendant [Gygi] as to this Title VII claim during the questioned period." This is especially true because the EEOC or Ms. Rich could bring a lawsuit against Gygi only after the EEOC's conciliation efforts had failed. 42 U.S.C. § 2000e–5(f)(1).

The fact that Mr. Barker was not representing Gygi in actual litigation at that time does not mean that he no longer served as Gygi's counsel. As the Magistrate in this case noted, "The representation of a client on any claim involves a multitude of situations and conduct other than representation in actual litigation commenced in court." *See Financial General Bankshares, Inc. v. Metzger,* 523 F.Supp. 744, 770 n. 79 (D.D.C.1981).

Because Mr. Barker's representation of Gygi and Ms. Rich was concurrent, the district court properly applied Canon 5 and Disciplinary Rule 5–105 of the Code of Professional Responsibility.[1] *International Business Machines Corp. v. Levin,* 579 F.2d 271, 279 (3d Cir.1978); *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir.1976). The standards set by the Canon and Disciplinary Rule apply even though Mr. Barker's simultaneous representation had ended before the EEOC filed its motion to disqualify. *Unified Sewerage Agency v. Jelco Inc.,* 646 F.2d 1339, 1345 n. 4 (9th Cir.1981). Canon 5 requires that a lawyer "exercise independent professional judgment on behalf of a client." Disciplinary Rule 5–105 provides in relevant part:

DR 5–105 Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer.

(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment,

---

1. Canon 5 and Disciplinary Rule 5–105 of the Code of Professional Responsibility are included in the Utah Code of Professional Responsibility. Rule 1(g) of the Rules of Practice of the district court incorporates both the state and national codes.

**622**

except to the extent permitted under DR 5–105(C).

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C).

(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

Mr. Barker's concurrent representation of Gygi and Ms. Rich in seemingly unrelated legal proceedings violated Disciplinary Rule 5–105(B) because the exercise of his independent professional judgment was likely to be adversely affected. *International Business Machines Corp. v. Levin, supra* at 279–80 and cases cited therein. The propriety of Mr. Barker's conduct is "measured not so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients." *Cinema 5, Ltd. v. Cinerama, Inc., supra* at 1386.

In this Title VII case, Ms. Rich is not a named party, but she initiated the claim and stands to benefit if the EEOC prevails. Furthermore, her affidavit indicates that she might have divulged confidences to Mr. Barker that could now be used against her. Only if Mr. Barker had obtained the consent of both Gygi and Ms. Rich should he have continued the dual representation. Disciplinary Rule 5–105(C). Such consent was impossible to obtain, for Mr. Barker was unaware that he had been representing adverse parties. Thus the district court did not abuse its discretion in disqualifying Mr. Barker from further representation of Gygi in this case.

The district court's disqualification order must apply to the discrimination claims of both Ms. Rich and Ms. Jones. Even though Mr. Barker never represented Ms. Jones, the rights of the two claimants in the EEOC's lawsuit are too closely related to permit Mr. Barker to defend Gygi against Ms. Jones' claims. Undoubtedly, the disqualification order works a hardship on Gygi, but the district court has lessened the hardship by allowing Mr. Barker to provide Gygi's substitute counsel with all work product relevant to Gygi's defense. In this way, the court has fulfilled the requirements of the Code of Professional Responsibility with only a minimal burden on Gygi.

The district court's disqualification order should be affirmed.