**The CHRONICLE PUBLISHING CO.,**
**Plaintiff, Appellee,**

v.

**James P. HANTZIS, et al.,**
**Defendants, Appellees,**

**Appeal of Robert E. ANDERSON, Defendant.**

**No. 90–1316.**

United States Court of Appeals, First Circuit.

Submitted April 17, 1990.

Decided May 10, 1990.

Robert J. Cordy, Nancy L. Brush, Ann E. Merryfield, and Burns & Levinson, Boston, on memorandum of defendant, appellant, Robert E. Anderson.

Michael B. Keating, Marc K. Temin, Gary C. Crossen, Annemarie Hassett, and Foley, Hoag & Eliot, Boston, on memorandum of plaintiff, appellee, The Chronicle Pub. Co.

Before BREYER, Chief Judge, CAMPBELL and TORRUELLA, Circuit Judges.

PER CURIAM.

The underlying issue in this appeal is whether, upon a law firm's withdrawal from a case in the face of conflict-of-interest charges, its work product may be turned over to successor counsel. The immediate issue is whether we have jurisdiction to entertain an interlocutory appeal from a district court order declining to enjoin such turnover. 732 F.Supp. 270. We conclude that jurisdiction is lacking, that mandamus relief is unwarranted, and that the appeal must accordingly be dismissed.

Bowditch and Dewey, a Worcester, Massachusetts law firm, represented Robert Anderson and other parties in ongoing state court litigation until December 1989. That firm, through the same two members, also appeared on behalf of plaintiff Chronicle Publishing Co. ("Chronicle") in the instant suit against Anderson, which was filed in November 1989. Arguing that the state and federal suits were substantially related and that he had earlier disclosed confidences and secrets to Bowditch and Dewey pertinent to the present action, Anderson moved that the firm be disqualified and be prevented from turning over its allegedly "tainted" work product to successor counsel. While denying the existence of any conflict, Bowditch and Dewey voluntarily withdrew and Chronicle retained Foley, Hoag and Eliot as substitute counsel. On March 14, 1990, the district court ordered Bowditch and Dewey to "preserve any confidential communications, privileged information or client secrets" but otherwise denied Anderson's motion to enjoin the turnover of work product. On March 28, it denied Anderson's request for § 1292(b) certification and his motion to stay all proceedings pending appeal. On April 3, Anderson appealed from the district court's March 14 order. And on April 12 he moved in this court for a stay, pending such appeal, of (1) the turnover of work product permitted by the March 14 order,

and (2) all proceedings in the district court.[1] Chronicle has responded in part by challenging our jurisdiction to entertain this interlocutory appeal.

■ As the basis for appellate jurisdiction, Anderson relies on 28 U.S.C. § 1292(a)(1), which permits review of "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions...." He argues that the district court's denial of his motion to prevent the turnover of work product was an order "refusing" an "injunction." Yet "not every order in the form of an injunction is an injunction for purposes of interlocutory appeal under ... § 1292(a)(1)." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 880 (1st Cir. 1983). The Supreme Court has "construed [§ 1292(a)(1) ] narrowly," *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981), in recognition of the "federal ... policy against piecemeal appeals" and to prevent "a floodgate [from] be[ing] opened that brings into the exception [to the finality requirement] many pretrial orders." *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 24, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966). Generally, an order is appealable as an injunction only when it is directed to a party, is enforceable by contempt, and grants (or denies) part or all of the ultimate relief sought by the suit. "Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not ... 'interlocutory' within the meaning of § 1292(a)(1)." *Id.* at 25, 87 S.Ct. at 194; *accord, e.g., Polyplastics,*

*Inc. v. Transconex, Inc.*, 713 F.2d at 880; *Limbach Co. v. Gevyn Const. Corp.*, 544 F.2d 1104, 1108 (1st Cir.1976), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1328, 51 L.Ed.2d 594 (1977); 9 Moore's Federal Practice ¶ 110.20[1], at 233 (1989); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3922, at 29–30 (1977 + '90 Supp.).

Anderson acknowledges that the March 14 order is not encompassed by this rule. He counters that the rule is not a "hard and fast standard," and contends that courts have on occasion reviewed orders under § 1292(a)(1) pertaining to issues divorced from the merits of the suit.[2] Yet whatever the scope of any such exception to the "on-the-merits" rule (as distinct from the *Cohen* collateral-order exception, upon which Anderson expressly disclaims reliance, *see* note 3 *infra* ), we are unpersuaded that it would embrace the district court order here. The fact that the order is directed to counsel, rather than to a party, by itself would seem to preclude interlocutory review. *See id.* at 30. Moreover, courts have held that orders granting or denying motions for the disqualification of counsel (a matter closely analogous to the issue here) are not injunctions for the purpose of § 1292(a)(1).[3] *See, e.g., Fred Weber, Inc. v. Shell Oil Co.*, 566 F.2d 602, 606 n. 6 (8th Cir.1977), *cert. denied*, 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978); *Cord v. Smith*, 338 F.2d 516, 521 (9th Cir. 1964), *clarified*, 370 F.2d 418 (9th Cir.1966). *Cf. Rigaku Corp. v. Ferrofluidics Corp.*, 800 F.2d 1115, 1116–18 (Fed.Cir.1986) (denial of plaintiff's motion that defendant be prohibited from consulting with plaintiff's

---

1. Although Anderson as mentioned moved in the district court to stay all proceedings pending appeal, he did not specifically seek to stay the March 14 order. Given our disposition of the jurisdictional issue, we need not decide whether this failure was violative of Fed.R.App.P. 8(a) (stay must ordinarily be sought in first instance in district court).

2. Anderson points to *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 45–47 (1st Cir.1986), in which we granted review under § 1292(a)(1) of an order enjoining a party to set aside $4,000,-000 in an interest-bearing account for the purpose of satisfying any judgment.

3. In a series of recent decisions, the Supreme Court has held that orders involving the disqualification of counsel are also not appealable under 28 U.S.C. § 1291 pursuant to the *Cohen* collateral-order exception. *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (order disqualifying counsel in civil case); *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (order disqualifying counsel in criminal case); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (denial of motion to disqualify counsel in civil case). For this reason, Anderson has not invoked the collateral-order exception here.

former engineer regarding lawsuit not an injunctive order).

■ We need not rest our decision on this basis, however, for Anderson's claim falters on another ground. Even were the March 14 order to be deemed an injunction under § 1292(a)(1), interlocutory review would be permissible only upon a showing that the order will have a " 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson v. American Brands, Inc.*, 450 U.S. at 84, 101 S.Ct. at 997, *quoting Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955); *accord, e.g., Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 379, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987); *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480–82, 98 S.Ct. 2451, 2453–54, 57 L.Ed.2d 364 (1978). Anderson has made no such showing. No allegation has been made, for example, that trade secrets will be revealed, or that he will "irretrievably los[e] an important tactical litigation advantage." *Kartell v. Blue Shield of Massachusetts, Inc.*, 687 F.2d 543, 551–53 (1st Cir.1982). Instead, he complains only of the expense and inconvenience that would attend any retrial in this "massive litigation." Such putative hardship is plainly insufficient to justify interlocutory appeal; it does not constitute the sort of irreparable harm contemplated by the statute and in no way precludes an "effectual challenge" to the court order on appeal from final judgment. As we have stated with regard to the related "urgency" criterion of the collateral order exception, "[o]ur decisions have consistently declined to allow the prospect of possibly substantial litiga-

tion burdens … or even of relitigation itself … to circumvent the policy against piecemeal review." *In re Continental Investment Corp.*, 637 F.2d 1, 5–6 (1st Cir. 1980); *accord, e.g., Firestone Tire and Rubber Co. v. Risjord*, 449 U.S. 368, 378, 101 S.Ct. 669, 675–76, 66 L.Ed.2d 571 (1981); *Queipo v. Prudential Bache Securities, Inc.*, 867 F.2d 721, 722 (1st Cir.1989) ("the expense of court proceedings … does not constitute irreparable harm"). We think the same considerations apply in the context of § 1292(a)(1). For these reasons, we conclude that § 1292(a)(1) provides no jurisdictional basis to entertain the instant appeal.[4]

■ Alternatively, Anderson requests leave to file a petition for a writ of mandamus. A mandamus petitioner must show "(a) some special risk of irreparable harm, and (b) clear entitlement to the relief requested." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1005 (1st Cir.1988) (footnote omitted). As just explained, Anderson has made no showing of irreparable harm. Nor has he established any "clear entitlement" to relief. The district court had considerable discretion in fashioning an order here that would safeguard the various private and public interests at stake. *See, e.g., International Business Machines Corp. v. Levin*, 579 F.2d 271, 279, 283 (3d Cir.1978). We have held that "mandamus is generally thought an inappropriate prism through which to inspect exercises of judicial discretion." *In re Bushkin Associates, Inc.*, 864 F.2d 241, 245 (1st Cir.1989) (order disqualifying counsel not reviewable by mandamus). Nor has Anderson established that the district court "abused its discretion to such an extreme and injurious degree that its actions comprise 'a judicial

---

**4.** It is noteworthy that Anderson has cited, and we have found, no appellate decision invoking § 1292(a)(1) to provide interlocutory review of the work-product-turnover issue involved here. Of the cases relied on by the parties and the district court, some expressly rely on the *Cohen* collateral-order exception. *International Business Machines Corp. v. Levin*, 579 F.2d 271, 277–78 (3d Cir.1978) (disqualification and turnover); *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 571 F.2d 390, 392–96 (turnover alone), *rev'd on rehearing en banc*, 584 F.2d 201

(7th Cir.1978). As Anderson acknowledges, the intervening Supreme Court decisions indicate such reliance is misplaced. *See* note 3 *supra.* The remaining cases, while failing to address the jurisdictional issue, likely also relied on that basis; they each reviewed attorney disqualification orders prior to the Court's holding in *Koller* that such orders were not appealable under the *Cohen* exception. *EEOC v. Orson H. Gygi Co.*, 749 F.2d 620 (10th Cir.1984); *EZ Paintr Corp. v. Padco, Inc.*, 746 F.2d 1459 (Fed.Cir.1984).

usurpation of power.' " *Id., quoting Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). The case principally relied on by Anderson below, *First Wisconsin Mortgage Trust v. First Wisconsin Corp.,* 571 F.2d 390 (7th Cir.1978) (no abuse of discretion in barring work-product turnover), was reversed on rehearing en banc. 584 F.2d 201 (7th Cir.1978) (en banc). And the remaining pertinent caselaw has, more often than not, endorsed such turnover under analogous circumstances. *See EEOC v. Orson H. Gygi Co.,* 749 F.2d 620, 622 (10th Cir.1984); *International Business Machines Corp. v. Levin,* 579 F.2d at 283; *Behunin v. Dow Chemical Co.,* 642 F.Supp. 870, 872–74 (D.Col.1986); *E.F. Hutton & Co. v. Brown,* 305 F.Supp. 371, 400–01 (S.D.Tex.1969). *Compare EZ Paintr Corp. v. Padco, Inc.,* 746 F.2d 1459, 1463–64 (Fed.Cir.1984) (no abuse of discretion in barring work-product turnover). *See generally* Note, *The Availability of the Work Product of a Disqualified Attorney: What Standard?,* 127 U.Pa.L.Rev. 1607 (1979). Each case is of course dependent on the particular facts involved, and we express no view on the ultimate merit of Anderson's claim. We simply conclude, based on the limited showing he has made, that delay in appellate review of that claim will work no injustice.[5]

For these reasons, the motion for a stay pending appeal is denied, the request for leave to petition for mandamus is denied, and the appeal is dismissed for want of jurisdiction. *See* Loc.R. 27.1.

---

**5.** As to the specific motion to stay the order permitting work-product turnover pending appeal, we note that Anderson's tardiness has rendered the matter substantially moot. The order was issued on March 14, 1990 and directed that such turnover, and all communications between the two law firms with respect thereto, be completed by May 13, 1990. Anderson waited until March 22 before seeking § 1292(b) certification and a stay in the district court (both of which were denied on March 28), and then waited until April 12 before seeking a stay in this court. By that date, as Chronicle has indicated, substantial work-product materials had already been turned over to successor counsel.