931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Henry VILLA, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,
Alan Thelen, Ann Harden and Ramesh Kapoor,
Defendants-Appellees.
 No. 90-1058.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1991.
 
 Before BALDOCK, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Henry H. Villa (Villa) appeals from an order of the district court granting summary judgment in favor of the Board of County Commissioners of the County of Arapahoe, Colorado, and Alan Thelen, Ann Harden, and Ramesh Kapoor, individually and in their respective official capacities as County Manager, Director of Personnel, and Director of Information Services, Arapahoe County, hereinafter collectively referred to as appellees. Villa brought this action pursuant to 42 U.S.C. Sec. 1983 following his termination as Manager of Applications for the Department of Information Services, Arapahoe County.
 
 
 2
 Villa became an employee of Arapahoe County in early 1985. Shortly thereafter Villa and Ramesh Kapoor, another County employee, applied for the position of Director of Information Services. Kapoor was selected. Kapoor subsequently appointed Villa to the position of Manager of Applications. Kapoor was Villa's immediate supervisor.
 
 
 3
 In 1986, Villa received a copy of the County's personnel handbook. The first page of the handbook set forth the following:
 
 
 4
 The policies and practices outlined in this manual are subject to change or revision at any time, with or without notice, as may be deemed necessary by the Board of County Commissioners. The language used in this manual is not intended to create, or is it to be construed to constitute, a contract.... The County has the right to end the work relationship with an employee at any time with or without advance notice or cause. Arapahoe County adheres to a policy of 'employment at will,' and employment may be terminated at will by either the County or employee at any time.
 
 February 1986
 
 5
 Villa signed a form acknowledging his receipt of the handbook. The form included the specific statement that the handbook was "only a summary of County policy. IT IS NOT A CONTRACT."
 
 
 6
 Between July and September 1987, Kapoor sent Villa three written memoranda in which he expressed his serious concern over the lack of enforcement of standards and quality review in Villa's division, Villa's hiring of a technical writer without appropriate approval, and Villa's failure to observe the County's work hours.
 
 
 7
 On January 28, 1988, Villa wrote a six-page memorandum to Harden in which he criticized Kapoor's management style. Harden referred the letter to Thelen. On February 7, 1988, Thelen met with Villa and Kapoor. At the end of the meeting, Thelen related he did not believe that there was a problem with Kapoor's management techniques, but that "it's more of a problem between the two of you" and "you will have to ... try to solve it on your own." (R., Vol. VI at 179).
 
 
 8
 On February 8, 1988, Kapoor notified Villa in writing that he was recommending Villa's termination as a County employee based on Villa's (1) "lack of attention paid to enforcing quality and conformance to departmental standards," (2) "providing inaccurate information to management to cover up inadequacies," and (3) "failure to pass on management direction accurately to the staff." (R., Appellees' Addendum, Tab 5 at 1). Kapoor's memorandum also notified Villa of his right to file a grievance and challenge the recommended termination.
 
 
 9
 Villa subsequently filed a grievance. In accordance with County policy, he was placed on paid administrative leave pending the disposition of his grievance. Villa was afforded a pre-termination hearing during which he reviewed his letter of January 28, 1988, and responded to Kapoor's memorandum recommending his termination. The County terminated Villa on February 22, 1988. Villa secured re-employment in his field within two months.
 
 
 10
 Thereafter, Villa brought this action alleging that his termination was in violation of his first amendment right to freedom of speech and his Fourteenth Amendment rights to procedural and substantive due process. During discovery, Villa moved to disqualify appellees' attorney of record on the basis that the attorney's joint representation of the Board and the individual defendants created an impermissible conflict of interest. The district court denied this motion "as frivolous because there is no defense that any defendants were acting outside the scope of their duties." (R., Vol. I, Tab 14 at 3).
 
 
 11
 Appellees moved for summary judgment, contending that Villa had failed to: state a claim against the Board of County Commissioners; establish a violation of his right to freedom of speech; and establish a violation of his due process rights. Villa subsequently filed a brief and affidavit opposing appellees' motion, responding, inter alia, that he had properly stated a Sec. 1983 claim against Arapahoe County and the Board of County Commissioners. Thereafter, and notwithstanding the fact that he had already filed a brief and affidavit opposing the motion, Villa also filed a motion for an order pursuant to Rule 56(f), Fed.R.Civ.P.[1]
 
 
 12
 On January 2, 1990, the district court granted summary judgment in part by dismissing all the claims against all the defendants except Kapoor. In so doing, the court found that: Villa had failed to allege or make any mention of any unconstitutional policy of the Board; Villa's memorandum to Harden did not address a matter of public concern but only Villa's disappointment over internal office affairs; and Villa had failed to demonstrate a property right in continued employment with the County. On January 26, 1990, the court denied Villa's Rule 56(f) motion. On February 6, 1990, upon Villa's motion for dismissal of remaining claim, the court entered an order dismissing Kapoor.
 
 
 13
 On appeal, Villa contends that the court erred in granting appellees' motion for summary judgment, in denying his Rule 56(f) motion, and in denying his motion to disqualify appellees' attorney of record.
 
 A.
 
 14
 Villa contends that the court erred in granting appellees' motion for summary judgment. We review a grant of summary judgment de novo, applying the same legal standards used by the district court. Fed.R.Civ.P. 56(c). We resolve all factual disputes and draw all inferences in favor of the of the non-moving party. Reazin v. Blue Cross & Blue Shield, 899 F.2d 951, 979 (10th Cir.), cert. denied, --- U.S. ---- (1990). "We will affirm a grant of summary judgment if it is clear from the record that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law." Willner v. Budig, 848 F.2d 1032, 1033-34 (10th Cir.), cert. denied, 488 U.S. 1031 (1989).
 
 
 15
 Applying these standards, we affirm the district court's order granting summary judgment in favor of appellees for substantially the same reasons set forth in the district court's order of January 2, 1990.
 
 
 16
 Our review of the record establishes that the district court properly found that: Arapahoe County did not have a custom or policy violative of Villa's constitutional rights ("Neither the plaintiff's complaint nor his responses to the motion [for summary judgment] before the court make any mention of an unconstitutional policy by the Board of County Commissioners...." (R., Vol. I, Tab 22, at 2-3)); Villa's letter of January 28, 1988, did not address a matter of public concern ("[T]he letter in this case does not address a matter of public concern, but only plaintiff's disappointment over internal office affairs...." (Id. at 3)); Villa failed to demonstrate a property interest in continued employment ("In Colorado, the traditional rule ... is that [governmental employees] ... hold their posts at the pleasure of their employer and can be discharged without cause.... In this case, the handbook ... states that it is not a contract and reminds employees that they may be terminated at will...." (Id. at 4)); and Villa failed to establish a violation of his substantive due process rights ("Where, as here, a public employee is dischargeable for no cause, and still receives notice and an opportunity to be heard, this Court can find no violation of plaintiff's substantive due process rights...." (Id. at 5)).
 
 B.
 
 17
 Villa contends that the district court erred in denying his motion for an order pursuant to Rule 56(f). Villa's motion was based on his argument that, since Harden did not testify during her deposition as to matters known or reasonably available to the County, he could not present facts essential to justify his opposition to appellees' motion for summary judgment.
 
 
 18
 After entering summary judgment on January 2, 1990, in favor of all of the appellees except Kapoor, the district court conducted a hearing on January 26, 1990, to consider several pending motions, including Villa's Rule 56(f) motion:
 
 
 19
 THE COURT: And then we did have Plaintiff's request for a ruling on motion for order pursuant to Rule 56(f). And in view of Mr. Smith's [counsel for Villa] statement at the last hearing that additional discovery would not provide any additional material with which to respond to the motion for summary judgment, I believe that motion can be denied.
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 THE COURT: Well, we have this case set for February 26. Are you telling me you still need to finish up some discovery?
 
 
 23
 MR. SMITH: Not under the current ruling [summary judgment] by the court.... The reason that I asked to have the motion, Rule 56(f) motion, ruled on was more or less just so that I would have that as a part of the record of the case, in case this case ever had to be appealed.
 
 
 24
 (R., Vol. III at 3-4).
 
 
 25
 Under these circumstances, we hold that the district court did not abuse its discretion in denying Villa's Rule 56(f) motion. Moreover, as noted by appellees, Rule 56(f) may be used only as an alternative to the filing of a brief and answer under Rule 56(e). And when, as here, a party has responded to a summary judgment motion under Rule 56(e), that party waives any option it may have had to proceed under Rule 56(f). Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986).
 
 C.
 
 26
 Villa contends that the district court erred in denying his motion to disqualify appellees' attorney of record. As set forth, supra, Villa moved to disqualify the appellees' attorney of record on the basis that the attorney's joint representation of the Board and the individual defendants created an impermissible conflict of interest. The district court denied the motion "as frivolous because there is no defense that any defendants were acting outside the scope of their duties." (R., Vol. I, Tab 14 at 3). Villa argues:
 
 
 27
 In the present case, the District Court's finding that there is 'no defense that any of the individual Defendants were acting outside the scope of their official duties' does not resolve the conflict of interest problem. By failing to raise this defense on behalf of the Board of County Commissioners, the County Attorney is acting in the interest of the individual Defendants at the expense of the Board of County Commissioners.
 
 
 28
 (Opening Brief for Appellant at p. 42).
 
 
 29
 Appellees respond that a conflict of interest defense should not be asserted unless there are good grounds to support it and that both their former and present counsel determined that the defense lacked factual support because the individual defendants were acting well within the scope of their employment.
 
 
 30
 We reverse a trial court's disposition of a disqualification motion "only if the court has abused its discretion." Equal Employment Opportunity Commission v. Orson H. Gygi Co., Inc., 749 F.2d 620, 621 (10th Cir.1984). Mere assertions by a plaintiff, such as here, that differing interests may arise are not sufficient to require the disqualification of counsel. Smith v. Daggett County Board of Education, 650 F.Supp. 44, 48 (D.Utah 1986). Appellees' counsel asserted in his response to Villa's motion that "the evaluation of the facts and law relevant to plaintiff's Complaint ... demonstrated that the acts and or omissions of the individual defendants complained of by the plaintiff were indisputably undertaken within the scope of their official duties as employees of Arapahoe County, absent malice and or wanton and willful conduct." (Addendum, Tab 16, at 2). Villa failed to rebut these assertions. Accordingly, we hold that the district court did not abuse its discretion in denying Villa's motion to disqualify appellees' attorney.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 56(f) provides:
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.