Fecteau, J.
Plaintiff James Jarosz (“Jarosz”) seeks an order from this Court striking defendant Union Products, Inc.’s responses to Jarosz’s document requests nos. 1 through 4, and compelling further responses. Defendant Union Products, Inc. (“UPI”) opposes the motion, arguing that all responsive, non-privileged documents have been produced and asserting attorney/client privilege.[2]
For the following reasons, Jarosz’s motion is DENIED.
DISCUSSION
The facts of this case have been set out before, and need not be repeated here.[3] The present motion revolves around Jarosz’s request for production of documents and UPI’s alleged failure to respond adequately. The dispute over the five[4] requests will be organized for clarify into two categories; Requests Nos. 1 and 2, and Requests 3, 4, and 5.
Jarosz’s requests and UPI’s responses were as follows;
Request No. 1. All documents relied on by the defendant in support of its claim, if any, that it had cause to terminate the plaintiff.
Response No. 1. The defendant objects to Request No. 1 because it calls for the production of work product. Notwithstanding this objection, the defendant will produce documents which reflect the plaintiffs job performance.
Request No. 2. All documents relied on by the defendant in support of its claim, if any, that there was a legitimate business reason for terminating the plaintiff.
Response No. 2. The defendant objects to Request No. 1 [sic] because it calls for the production of work product. Notwithstanding this objection, the defendant will produce documents which reflect the plaintiffs job performance.
Request No. 3. All written communications between the defendant, its agents and servants and the firm of Warner & Stackpole, its agents and servants, on the following subjects:
*59 a.The plaintiffs employment status and termination thereof.
Response No. 3. The defendant objects to Request No. 3(a) on the grounds that it calls for attorney-client communications.
Request No. 4. All written communications between the defendant, its agents and servants and the plaintiff, his agents and servants, on the following subjects:
a. The plaintiffs employment status and termination thereof.
b. The valuation of the capital stock of the defendant corporation, and co-defendant corporation.
c. Redemption of capital stock by the defendant corporations and/or purchase of the capital stock of the defendant corporations from shareholders no longer active in the company.
d. The duty of majority shareholders owed to minority shareholders of the defendant corporation.
Response No. 4. To the extent that any non-privileged responsive documents exist, the documents will be produced assuming that the terms “servants and agents” do not mean Warner & Stackpole, LLP.
Request No. 5. All written communications between the defendant, its agents and servants and all third persons, their agents and servants, on the following subjects:
a. The plaintiffs employment status and termination thereof.
b. The valuation of the capital stock of the defendant corporation, and co-defendant corporation.
c. Redemption of capital stock by the defendant corporations and/or purchase of the capital stock of the defendant corporations from shareholders no longer active in the company.
d. The duty of majority shareholders owed to minority shareholders of the defendant corporation.
Response No. 5. To the extent that any non-privileged responsive documents exist, the documents will be produced assuming that the terms “servants, agents and third parties” do not mean Warner & Stackpole, LLP.
A. REQUESTS NOS. 1 AND 2
Jarosz seeks to compel UPI to categorize its responses into two categories: those sections of Jarosz’s personnel file which support a claim of “cause” and those supporting a claim of “legitimate business reasons.” UPI is correct in its assertion that it need not organize and separate the documents to this end. Mass.R.Civ.P. 34(b) provides that “[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.” (Emphasis added.) Assuming that UPI has provided Jarosz’s personnel file as it was kept in the ordinary course of business — and Jarosz does not allege to the contrary — UPI has met its obligations under Mass.R.Civ.P. 34.
Further, by requesting that UPI organize its responses to correspond with Jarosz’s evidentiary distinction, Jarosz is seeking to invade UPI’s counsel’s thought process regarding its litigation strategy, thereby violating counsel’s work-product privilege. See, In Re Atlantic Fin. Management. Sec. Litig., 121 F.R.D. 141, 143 (D.Mass. 1988).
B. REQUESTS NOS. 3, 4, AND 5
Jarosz objects to UPI’s assertion of the attorney/client privilege in relation to these requests. Jarosz contends that, because Warner & Stackpole jointly represented UPI and himself, UPI cannot assert the privilege to avoid producing the relevant documents. UPI contends that no joint representation occurred, and, therefore, the privilege can be asserted.
UPI is correct. This Court (Fecteau, J.) has already determined in its recent Memorandum of Decision and Order on Plaintiffs Motion to Disqualify that Warner & Stackpole only represented the corporate defendants.* Therefore, no joint representation existed, and the attorney/client privilege is UPI’s to waive or assert. See, Symmons v. O’Keeffe, 419 Mass. 288, 298 n.10 (1995).
“It is well established . . . that the attorney-client privilege attaches to corporations as well as individuals.” Commodity Futures Trading Comm’n v. Weintraub, 471 U.S. 343, 348 (1984), citing Upjohn Co. v. United States, 449 U.S. 383 (1981). Once it has attached, as here, the privilege can only be waived by “current corporate management in accordance with their fiduciary obligations.” Chronicle Pub. Co. v. Hantzis, 732 F.Supp. 270, 273, appeal dismissed, 902 F.2d 1028 (1st Cir. 1990). Jarosz does not contend that any such waiver has occurred here, only that the privilege cannot be asserted against a joint client. See, Beacon Oil Co. v. Perelis, 263 Mass. 288, 293 (1928) (communications made to attorney previously acting for both plaintiff and defendant not privileged). Since that exception is inapplicable here, UPI may assert the attorney/client privilege. Accordingly, UPI will not be ordered to produce documents evidencing communications between itself and Warner & Stackpole.
ORDER
It is hereby ORDERED that plaintiff James Jarosz’s motion to strike responses of Union Products, Inc. to plaintiffs request for production of documents and to compel further responses is DENIED.

UPI also filed a Motion to Strike Jarosz’s motion for noncompliance with Superior Court Rule 9A. UPI’s Motion to *60 Strike is DENIED, because UPI has suffered no prejudice by Jarosz’s three-day delay in filing his motion and UPI’s opposition, particularly because UPI itself was tardy — albeit one day — in serving its opposition upon Jarosz. Pursuant to Mass.R.Civ.P. 6(a), to be timely, UPI’s opposition should have been served on Jarosz on May 9th, It was not served until May 12th.

See, Memorandum of Decision and Order on Plaintiffs Motion to Disqualify Warner & Stackpole, (Fecteau, J.) and Memorandum of Decision and Order on Plaintiffs Motions for Preliminary Injunction and Real Estate Attachment (Donohue, J.).

The caption to Jarosz’s motion refers to Requests nos. 1 through 4. In the text of his brief, however, Jarosz also challenges UPI’s response to Request no. 5. Although UPI did not directly address Request No. 5, Jarosz’s argument regarding to this request is an exact replica of his argument to Nos. 3 and 4, which UPI did address in its brief. Therefore, this motion will address Request No. 5.

Editor’s Note: Reported in the immediately preceding opinion at 8 Mass. L. Rptr. No. xxx, xxx (March 23, 1998).